UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DWAYNE SINGLETON,

Plaintiff,

-v.-

NEW YORK CITY DISTRICT ATTORNEY ALVIN
BRAGG; NEW YORK CITY; NEW YORK CITY
DEPARTMENT OF CORRECTIONS; NEW YORK CITY
POLICE DEPT (MIDTOWN NORTH PRECINCT);
POLICE OFFICER JOHN DOE and JOHN DOE
POLICE OFFICER,

Defendants.

23 Civ. 701 (KPF)

ORDER OF SERVICE

KATHERINE POLK FAILLA, United States District Judge:

Dwayne Singleton ("Plaintiff"), who is currently incarcerated at the West

Facility on Rikers Island, brings this *pro se* action asserting that the

defendants have violated his federal constitutional rights, and he seeks

damages.[1]  He sues: (i) New York County District Attorney Alvin Bragg; (ii) the

City of New York; (iii) the New York City Department of Correction ("DOC");

(iv) the New York City Police Department's ("NYPD") Midtown North Precinct;

and (v) two unidentified "John Doe" police officers assigned to the NYPD's

Midtown North Precinct.  The Court construes Plaintiff's complaint as asserting

claims under 42 U.S.C. § 1983, as well as claims under state law.

---

[1]     Plaintiff filed his complaint while he was held in the Vernon C. Bain Center, in the
        Bronx, New York.

By order dated March 9, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2]  For the reasons discussed below, the Court dismisses all of Plaintiff's claims against the DOC and the NYPD's Midtown North Precinct, and dismisses Plaintiff's claims under Section 1983 against District Attorney Bragg.  The Court also directs the Corporation Counsel of the City of New York to provide to Plaintiff and the Court the identities and badge numbers of the unidentified "John Doe" police-officer defendants, and directs service on the City of New York.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *Abbas* v. *Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

---

[2]     Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).  But the "special solicitude" afforded to *pro se* litigants, *id.* at 475 (citation omitted), has its limits — to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.  *Id.*  But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Id.* (citing *Twombly*, 550 U.S. at 555).  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief.  *Id.* at 679.

## DISCUSSION

### A. The Court Dismisses the Claims Against DOC and the NYPD's Midtown North Precinct

The Court must dismiss all of Plaintiff's claims against the DOC and the NYPD's Midtown North Precinct because subdivisions of the City of New York, such as the DOC and the NYPD's Midtown North Precinct, are not entities that

can be sued.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins* v. *City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson* v. *City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

The Court notes that, in addition to naming the DOC and the NYPD's Midtown North Precinct as defendants, Plaintiff has named the City of New York as a defendant.  Thus, there is no need to add the City of New York as a defendant.  Accordingly, the Court dismisses Plaintiff's claims against the DOC and the NYPD's Midtown North Precinct for failure to state a claim on which relief may be granted, without prejudice to Plaintiff's claims against the City of New York.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.     The Court Dismisses the Federal Claims Against District Attorney Bragg

To the extent that Plaintiff asserts claims under 42 U.S.C. § 1983 against District Attorney Bragg, arising from his decision to criminally prosecute Plaintiff, or his actual prosecution of Plaintiff, the Court dismisses such claims under the doctrine of prosecutorial immunity.  Under this doctrine, prosecutors are absolutely immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'"  *Giraldo* v. *Kessler*, 694 F.3d 161, 165 (2d Cir.

2012) (quoting *Imbler* v. *Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley* v. *Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (internal quotation marks and citations omitted).  In addition, under this doctrine, prosecutors are absolutely immune from suit for acts that may be administrative obligations, but are "directly connected with the conduct of a trial." *Van de Kamp* v. *Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya* v. *Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that prosecutors' direction as to where a criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and they were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*)). This doctrine has been held to protect a prosecutor from suit for his or her decision to advocate, and for his or her actual advocacy, with respect to a criminal defendant's access to a diversion program from prosecution.  *See Dantzig* v. *Cnty. of Westchester*, No. 19 Civ. 8811 (NSR), 2021 WL 1030655, at *8 (S.D.N.Y. Mar. 16, 2021); *Sims* v. *Monaghan*, No. 13 Civ. 6496 (FPG), 2015 WL 9307350, at *5 (W.D.N.Y. Dec. 21, 2015).

Here, Plaintiff's claims against District Attorney Bragg are based on actions within the scope of Bragg's official duties and are associated with Bragg's decision to criminally prosecute Plaintiff, and with his actual criminal prosecution of Plaintiff, which appear to include Bragg's decision to advocate,

and his actual advocacy, for the denial of Plaintiff's access to a diversion program from prosecution.[3]

Accordingly, the Court dismisses Plaintiff's claims under Section 1983 against Bragg because such claims seek monetary relief against a defendant who is immune from such relief, *see* § 1915(e)(2)(b)(iii), and, consequently, are frivolous, *see* § 1915(e)(2)(B)(i); *Collazo* v. *Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that a claim against prosecutor dismissed under the doctrine of prosecutorial immunity is frivolous under § 1915(e)(2)(B)(i)).

## C. The Court Orders Corporation Counsel to Produce Information Regarding Unidentified "John Doe" Officer Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in identifying an unidentified defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies sufficient information to permit the NYPD to identify the unidentified "John Doe" police-officer defendants.  They are those members of the NYPD who, on or about March 20, 2022, were assigned to the NYPD's Midtown North Precinct, and who arrested Plaintiff on or about that date in the vicinity of the intersection of 54th Street and 12th Avenue, in New York, New York.  It is therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the NYPD, ascertain the identity and badge number of each of the unidentified "John Doe" police-officer defendants whom Plaintiff seeks to sue here, and the address

---

[3]     Plaintiff alleges in his complaint that Bragg has "lied [about Plaintiff] and denied [him] the right to be released to a program called cases which accepted" him. (ECF 2, at 7.) Plaintiff also alleges that because Bragg has "maliciously produced false charges [against him, he has been] denied [his] freedom." (*Id.*)

where each of those defendants may be served.  The Corporation Counsel must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing service on the newly identified defendants.

### D.    Service on the City of New York

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[4] *Walker* v. *Schult,* 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the

---

[4] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date that a summons is issued.

City of New York.  The Clerk of Court is further instructed to issue a summons for the City of New York, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the City of New York.

If the complaint is not served on the City of New York within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## E.     New York Legal Assistance Group

Plaintiff may consult the legal clinic opened in this judicial district to assist people who are parties in civil cases, but who do not have lawyers. The clinic is operated by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or operated by, the court (and, among other things, therefore, it cannot accept filings on behalf of the court, which must still be filed by a *pro se* party in the court's Pro Se Intake Unit).

To receive limited-scope assistance from the clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, New York, New York 10007.  Once the paperwork is received, the clinic will coordinate contact with the litigant.  Once received, it may take up to two weeks for the clinic to contact the litigant.  Copies of the clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

For the reasons detailed above, the Court dismisses Plaintiff's claims against the DOC and the NYPD's Midtown North Precinct for failure to state a claim on which relief may be granted, and dismisses Plaintiff's claims under 42 U.S.C. § 1983 against District Attorney Bragg for seeking monetary relief from a defendant who is immune from such relief and as frivolous.

The Court directs the Clerk of Court to:

(i)     Mail an information package to Plaintiff's address of record;

(ii)    Issue a summons for the City of New York; complete a USM-285 form with the address for the City of New York; and deliver all documents necessary to effect service on the City of New York to the U.S. Marshals Service; and

(iii)   Mail a copy of this order and the complaint to the Corporation Counsel of the City of New York, at 100 Church Street, New York, New York 10007.

An amended complaint form is attached to this order.  A flyer, retainer, and intake form from NYLAG are also attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  March 10, 2023
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

The City of New York
Law Department
100 Church Street
New York, New York 10007



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Centre Street
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



Revised 10/30/22

# NYLAG
**New York    Legal Assistance Group**

**Name** _____     **Date of Birth** _____

**Facility** _____

**Identification #** _____     **Email (if available)** _____

---

**How did you hear about our clinic? (Circle One)**

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |

Other _____

---

**Ethnicity (Circle One)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

---

**Education Level (Circle One)**

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

---

**Gender:** _____

---

**SDNY Case Number:** _____

---

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

# NYLAG
## New York Legal Assistance Group

### LEGAL CLINIC FOR PRO SE LITIGANTS IN THE SOUTHERN DISTRICT OF NEW YORK

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

## I.   LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future.  If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

## II.   FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance.  You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility.  NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V.  REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____              _____

Signature                                                                            Date

**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-

_____

_____

_____

_____
Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                     Zip Code

Defendant 2:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                     Zip Code

Defendant 3:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                     Zip Code

Defendant 4:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                     Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 4

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____