UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DWAYNE SINGLETON,

                     Plaintiff,

            -v.-

POLICE OFFICE JOHN DOE and JOHN DOE POLICE OFFICER,

                     Defendants.

23 Civ. 701 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

      Plaintiff Dwayne Singleton initially brought this *pro se* action against five Defendants: (i) New York County District Attorney Alvin Bragg; (ii) the City of New York; (iii) the New York City Department of Correction ("DOC"); (iv) the New York City Police Department's ("NYPD") Midtown North Precinct; and (v) two unidentified "John Doe" police officers assigned to the NYPD's Midtown North Precinct. In it, Plaintiff alleged violations of his federal constitutional rights stemming from a purported false arrest and assault that occurred on March 20, 2022. (Dkt. #2).

      On March 10, 2023, this Court dismissed all of Plaintiff's claims against the DOC and the NYPD's Midtown North Precinct, as well as Plaintiff's claims under Section 1983 against District Attorney Alvin Bragg. (Dkt. #6). The same day, the Court ordered the Corporation Counsel of the City of New York ("Corporation Counsel"), the attorney for and agent of the NYPD, to provide Plaintiff with the identity, badge number, and service address of each of the unidentified "John Doe" police-officer defendants. (*Id.*).

On May 8, 2023, Corporation Counsel filed a letter on the docket identifying the two officers involved in Plaintiff's March 20, 2022 arrest: Officer Leroy Hopkins (Shield No. 28710) and Officer David Riveraescobar (Shield No. 27963). (Dkt. #9). The Court subsequently reminded Plaintiff of his obligation to file an amended complaint naming the newly identified officers as defendants within 30 days of receiving the City's letter. (Dkt. #10).

Almost two months later, on June 28, 2023, having not received the Plaintiff's amended pleading, the Court *sua sponte* extended Plaintiff's deadline to file an amended complaint to July 26, 2023. (Dkt. #12). Two weeks later, on August 9, 2023 — with still no amended pleading from Plaintiff — the Court dismissed Plaintiff's action without prejudice. (Dkt. #13 (the "August 9 Order")).

On August 30, 2023, Plaintiff filed a Change of Address on the docket (Dkt. #14), suggesting Plaintiff is as yet unaware that his case was dismissed. Accordingly, if Plaintiff wishes to pursue the instant action, the Court directs Plaintiff to file a motion for relief from the Court's August 9 Order pursuant to Federal Rule of Civil Procedure 60(b). Under Rule 60(b), the Court may relieve Plaintiff from its August 9 Order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In particular, the Court directs Plaintiff to (i) identify in his motion for relief which of the provisions of Rule 60(b) applies to the Court's August 9 Order and (ii) provide an explanation as to why Plaintiff believes each provision applies.

The Clerk of Court is directed to mail a copy of this Order, as well as copies of the Orders at docket entries 8, 10, 12, and 13, to Plaintiff's address of record.

SO ORDERED.

Dated:   September 6, 2023
         New York, New York

*Katherine Polk Failla* (signature)

KATHERINE POLK FAILLA
United States District Judge